UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CALVIN ROWELL, JR.,

                            Plaintiff,

**REPORT AND
RECOMMENDATION**
CV-05-1592 (CBA) (JMA)

       -against-

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
------------------------------------------------------------X

A P P E A R A N C E S:

    Charles E. Binder, Esq.
    Binder and Binder, P.C.
    215 Park Avenue South
    6th Floor
    New York, New York 10003
    *Attorney for Plaintiff*

    Karen T. Callahan
    Special Assistant U.S. Attorney
    One Pierrepont Plaza
    Brooklyn, NY 11201
    *Attorney for Defendant*

**AZRACK, United States Magistrate Judge:**

       By order dated May 7, 2008, the Honorable Carol B. Amon, United States District Judge, referred the above-captioned matter to me, pursuant to 28 U.S.C. § 636(b), for a report and recommendation on plaintiff Calvin Rowell's motion for attorney fees. For the reasons set forth below, I recommend that the application be granted.

1

## I. BACKGROUND AND FACTS

Following a decision by the Commissioner of Social Security ("Commissioner") to deny the plaintiff, Calvin Rowell, disability benefits, plaintiff filed a civil action in this Court against defendant, Michael J. Astrue,[1] seeking review under 42 U.S.C. § 405(g). (Dkt. No. 24: Pl.'s Att'y Aff. ¶¶1-3.) On April 11, 2000, after briefing and oral argument, Judge Amon remanded the case to the Commissioner for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Id. ¶4.) Plaintiff was again denied benefits on October 16, 2002. (Id. ¶5.) Plaintiff's request for review of this decision was refused by the Appeals Council, and plaintiff subsequently filed a second civil action in this Court on March 28, 2005. (Id. ¶5; Dkt. No. 1: Compl.) Following briefing and oral argument, Judge Amon reversed the administrative judgment and remanded the case to the Commissioner for calculation of benefits on March 30, 2007. (Id.; Dkt. No. 19: Court Order.)

On April 29, 2008, plaintiff moved for an order awarding attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. No. 24: Pl.'s Att'y Notice of Motion.) Plaintiff's attorney, Charles Binder, seeks fees in the amount of $27,413.19, on the basis of a contingency fee agreement that states that, in the event benefits are awarded to plaintiff, counsel is entitled to a fee equal to 25 percent of the past-due benefits awarded. (Dkt. No. 24: Retainer Agreement, attached to Pl.'s Att'y Aff. as Ex. D.) The amount requested represents 25 percent of the retroactive benefits awarded to the plaintiff, less the Equal Access to Justice Act ("EAJA") award of fees already granted in the amount of $5,993.81. (Dkt. No. 24: Pl.'s Att'y Aff. ¶14.) Plaintiff's counsel has

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and was substituted for Jo Anne B. Barnhart as defendant. See Fed. R. Civ. P. 25(d).

expended a total of 75.25 hours in litigating both of the plaintiff's actions before this Court. (Dkt. No. 24: Itemized Hours in Federal Court, attached to Pl.'s Att'y Aff. as Ex. B.)

In anticipation of the instant application, the Social Security Administration has withheld $27,413.19 from plaintiff's retroactive benefits payment to satisfy any allowance of fees authorized by the Court. (Dkt. No. 24: Notice of Award Letter from Soc. Sec. Admin., attached to Pl.'s Att'y Aff. as Ex. A.) Plaintiff does not contest the request for fees, but rather supports his attorney in this petition. (Dkt. No. 24: Rowell letter, attached to Pl.'s Att'y Aff. as Ex. C.) Furthermore, the Commissioner does not object to the request for attorney fees, and confirms that the amount requested is 25 percent of past-due benefits, less EAJA fees. (Dkt. No. 26: Comm'r Reply Mem.) The Commissioner does note, however, that the amount requested by plaintiff's counsel, in addition to the amount awarded under EAJA, approximates an hourly rate of $443.94 for the time expended in federal court for both actions. (Id.)

## II. DISCUSSION

Attorneys of prevailing parties in social security cases may recover fees in three different ways. Rose v. Barnhart, No. 01-CV-1645, 2007 WL 549419, at *1 (S.D.N.Y. Feb. 16, 2007). For work done at the administrative level, attorneys may recover fees under 42 U.S.C. § 406(a), while fees may be obtained for work done before a federal court under 42 U.S.C. § 406(b). Id. Fees procured under either provision are funded by the plaintiff's reward of past-due benefits. Id. Finally, attorneys may recover fees under EAJA, which "allows attorneys to obtain a reward of fees paid by the government if the agency's position was not 'substantially justified' or under other special circumstances." Id. (citing 28 U.S.C. § 2421(d)(1)(A)). Fees awarded under either

§ 406 or EAJA are separate and are not meant to limit each other, but attorneys may not recover twice, and an attorney who recovers under both provisions must return to the client whichever award is less. Id. (internal citations omitted). In the case at hand, plaintiff's counsel moves only for fees to be awarded under 42 U.S.C. § 406(b) for the services rendered on plaintiff's behalf at the federal court level, subtracting fees already recovered under EAJA. The plaintiff supports the request, and the Commissioner does not object to the amount requested. However, the Commissioner requests that this Court review the reasonableness of the requested amount, as provided in 42 U.S.C. § 406(b).

**A.    Contingent Fee Agreement**

The Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A). Both the Supreme Court and the Second Circuit have held that contingency fee agreements are permissible under § 406(b), so long as they are within the 25 percent statutory cap. See Gisbrecht v. Barnhart, 535 U.S. 789, 804-06 (2002); Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990). Rather than displacing fee agreements, § 406(b) allows for the enforcement of contingent fee agreements, unless the court finds the fee unreasonable due to other considerations, upon which an appropriate adjustment is permitted. Wells, 970 F.2d at 370.

Contingent fee agreements are the most prevalent means by which attorneys secure fees for successful representation in Social Security benefits disputes. Gisbrecht, 535 U.S. at 800,

807. Deference should be given to these agreements when they fall within the 25 percent threshold and result from free negotiation between counsel and claimant, since they reflect both a "claimant's willingness to pay more than a particular hourly rate" and "an attorney's willingness to take the case despite the risk of nonpayment." Wells, 907 F.2d at 371; see also Rodriguez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) (stating that agreements within the 25 percent threshold "should be given the weight ordinarily accorded a rebuttable presumption"). However, a contingent fee agreement even within the 25 percent threshold is not *per se* reasonable, since "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. It is up to the attorney for the successful claimant to show that the fee sought is reasonable for the services rendered. Id. An initial presumption in favor of the fee agreement is appropriate here because the retainer agreement clearly includes a 25 percent contingency fee, the plaintiff supports this request and the Commissioner does not object. Therefore, as long as the amount requested is reasonable, the motion should be granted.

**B.     Reasonableness Standard**

Testing the contingent fee agreement for reasonableness requires the court to "determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." Wells, 907 F.2d at 372. The progress of the case should be examined to determine whether counsel delayed the matter in order to accumulate benefits and thereby increase his own fees. Gisbrecht, 535 U.S. at 808. Courts in this circuit also consider the length of representation, including work done at the administrative agency

level, in determining reasonableness of the contingent fee. Trupia v. Astrue, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008); Lapatra v. Astrue, 530 F. Supp. 2d 453, 456 (W.D.N.Y. 2008); Blizzard v. Astrue, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007); see also Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005).

Nothing here indicates fraud or overreaching in the contingent fee agreement, especially in light of plaintiff's letter supporting the award of fees. Nor does it appear that counsel created undue delay in litigating plaintiff's case in order to increase fees. The only factor that warrants further consideration is whether the requested fee would amount to a windfall when compared to the length of time counsel spent on plaintiff's case.

**C. Windfall**

There is no clear set of criteria for determining when an award would result in a windfall, but courts in this circuit have identified several relevant considerations, including:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Trupia, 2008 WL 858994, at *4 (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005)).

Here, these factors weigh in favor of granting counsel's request for fees. Plaintiff's attorney represented plaintiff for over fourteen years on this matter through multiple hearings, submitted non-boilerplate comments to the Appeals Council, and successfully attained benefits for plaintiff through counsel's plentiful experience with Social Security disability cases, both at

the administrative and federal court level. (Dkt. No. 24: Pl.'s Att'y Aff. ¶¶5, 7-8.) Taking into account counsel's qualifications and experience in Social Security disability law, in addition to the length of representation, the requested fees are proportionate to the benefits attained by the plaintiff.

The Commissioner does not contend that the requested fees would amount to a windfall, but makes note of the seemingly high rate when the fee is examined on an hourly basis. The Commissioner calculates that the contingent fee, in addition to EAJA fees, would approximate an hourly rate of $443.94 for the time expended in District Court on this matter. (Dkt. No. 26: Comm'r Mem.) An alternative to granting the contingent fee would be to calculate an hourly rate using the lodestar method, which multiplies the reasonable number of hours devoted to a case by a reasonable hourly fee. Gisbrecht, 535 U.S. at 797-98. But the Supreme Court has rejected the idea that Congress meant to impose the lodestar method when it enacted the Social Security Act amendment encompassing § 406(b), since the method was developed after the amendment had already been legislated. Id. at 806. The lodestar method is applied in cases where the fees are to be shifted to the losing party in the litigation, but this is not the case here. Section 406(b) authorizes a prevailing party to recover fees not from the losing party, but rather as part of the recovery granted to the prevailing party. Id. at 802. Furthermore, the Second Circuit has stated that the lodestar method is not appropriate for evaluating reasonableness of a fee in a social security case, since "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells, 907 F.2d at 371.

Since Wells, courts in this circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary. See Boyd v. Barnhart, No. 97-CV-7273, 2002 WL 32096590, at *2-3 (E.D.N.Y. Oct. 24, 2002); Lapatra, 530 F. Supp. 2d at 455; Joslyn, 389 F. Supp. 2d at 456; Lacatena v. Sec'y of Health & Human Servs., 785 F. Supp. 319, 321-22 (N.D.N.Y. 1992) (reiterating the circuit's rejection of the lodestar method in Wells).[2] Indeed, courts have rejected arguments of a windfall even for fees far exceeding the per hour amount at issue here. See Trupia, 2008 WL 858994, at *3 (finding no windfall for a fee amounting to over $700 per hour); Blizzard, 496 F. Supp. at 320-21 (finding no windfall for fee amounting to $705 per hour); Joslyn, 389 F. Supp. 2d at 457 (finding no windfall for a fee that, by my calculations, amounted to $746.61 per hour after subtracting EAJA compensation and not including fees paid for work done at the administrative level). However, it remains unclear at what threshold a court will find a windfall because "courts have given little guidance as to what exactly constitutes a windfall so as to render a contingency fee arrangement unreasonable." Lacatena, 785 F. Supp. at 321.

In Boyd, this Court rejected the Commissioner's windfall argument and granted counsel's action to recover the full 25 percent of past due benefits less EAJA fees, resulting in an award equal to an hourly rate of $1,186.47. Boyd, 2002 WL 32096590, at *3. Yet, in Benton v.

---

[2] Although this circuit has regularly rejected windfall arguments based on a per hour rate, there is no uniformity across jurisdictions in this area of law. The reported decisions from around the country applying Gisbrecht vary in their approach to determining the reasonableness of § 406(b) fees. See Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1168-72 (C.D. Cal. 2006) (comparing, in detail, the 43 then-reported decisions applying Gisbrecht to § 406(b) fee requests). The Ellick court determined that an hourly rate 2.5 times counsel's normal hourly fee would typically create the outer bounds of reasonableness, but recognized that it was an imprecise and arbitrary determination. Id. at 1173.

Commissioner of Social Security, No. 03-CV-3154, 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007), this Court found that an hourly fee of $1,334.17 did constitute a windfall and was therefore unreasonable. Without articulating the exact mode of calculation, the Benton court determined that a sum amounting to an hourly rate of $447.76 would adequately compensate counsel for work expended at the federal level, taking into consideration the risk of nonpayment inherent in contingent fee agreements and counsel's efficient handling of the case based on extensive prior experience. Id. The court then further reduced the fee by the award that counsel likely would have obtained under EAJA had counsel submitted an application. Id. at *2-3.

Benton is the only decision I have found in this circuit since Wells to find a windfall and reduce § 406(b) fees. Plaintiff's counsel in the present case requests a fee that amounts to $443.94 per hour (when including EAJA compensation), which is nearly the same rate the Benton court determined was acceptable. This rate also falls within the range of fees approved in the other decisions discussed above. Considering the length of work expended by plaintiff's counsel, his experience in Social Security disability law, and his successful representation of plaintiff through a lengthy administrative process and two suits in district court, I recommend that the requested fee be granted.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the plaintiff be awarded attorney's fees in the amount requested, $27,413.19. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time

waives the right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6.

    SO ORDERED.

Dated: Brooklyn, New York
       June 27, 2008

                                              /s/
                                      JOAN M. AZRACK
                                      UNITED STATES MAGISTRATE JUDGE